IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VINCENT GRIFFIN,<br><br>        **Plaintiff,**<br><br>v.<br><br>CHRISTEL CROW,<br>SGT. PULLIAM,<br>DOCTOR LARSON,<br>SGT. FREEMAN,<br>HEALTHCARE UNIT,<br>NURSE JOHNSON,<br>NURSE ANGIE, and<br>NURSE MEGAN,<br><br>        **Defendant.** | Case No. 24-cv-02648-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Vincent Griffin, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Big Muddy River Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. §1983 for alleged deprivations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges the following: In the fall of 2024, his left hand was injured, and he was experiencing ongoing pain. (Doc. 1, p. 6, 11). Despite having low bunk permit, he was sleeping in a top bunk bed, and his left thumb was "out of place" from climbing in and out of his bed. (*Id.* at

p. 11). On December 11, 2024, Sergeant Pulliam was in the process of locking Plaintiff and several other inmates in their cells. (*Id.* at p. 6). Plaintiff states, "I was trying to get my laundry bag and coat with my ID card on railing by my cell door," when Pulliam started pushing him aggressively, "getting in [his] face," and trying to slam the cell door. Plaintiff tried to respectively tell Pulliam that he was just trying to collect his things when Pulliam slammed the cell door on his left hand and arm, further injuring Plaintiff's left hand. During second shift, Plaintiff asked Sergeant Freeman to contact the healthcare unit for his injury. Sergeant Freeman denied Plaintiff's request and told him, "Your injury is not my problem." (*Id.*).

Later, when Plaintiff went to dinner, he spoke to "White Shirt Bruce," about receiving medical treatment. (Doc. 1, p. 6). Bruce saw that Plaintiff's arm, hand, and thumb were severely injured, and Plaintiff was sent straight away to the healthcare unit. Plaintiff sat in the healthcare unit for hours, while staff attempted to contact a doctor. Plaintiff was then sent the emergency room at an outside hospital. Because his hand was so damaged, the medical provider at the hospital told Plaintiff that he would need to see a hand surgeon. (*Id.*).

As of filing the Complaint, Plaintiff is still not receiving adequate medical care from the healthcare unit at Big Muddy River Correctional Center for his hand. (Doc. 1, p. 7). He is in a lot of pain, and his left thumb is "out of place." The nurses continue to only wrap his hand and provide pain medication without actually fixing the injury. (*Id.*).

Sergeant Pulliam continues to "target" Plaintiff, calling Plaintiff names and putting his hands on Plaintiff. (Doc. 1, p. 7). When Plaintiff reported the incident to investigators, Pulliam threatened to spray him with mace.

**PRELIMINARY DISMISSALS**

The Court dismisses all intended claims against Christel Crow, Doctor Larson, Nurse

Johnson, Nurse Angie, and Nurse Megan. Although these individuals are listed as defendants, there are no allegations against them in the statement of claim. Thus, Plaintiff has not adequately stated claims against these individuals or put them on notice of any claims that he may have against them. FED. R. CIV. P. 8(a)(2); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Accordingly, Defendants Crow, Larson, Johnson, Angie, and Megan will be dismissed without prejudice from this action.

The Court also dismisses the Healthcare Unit as a defendant. The Healthcare Unit is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Ill.*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency or department be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

### DISCUSSION

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following counts:

**Count 1:** Eighth Amendment claim against Pulliam for the use of excessive force on December 11, 2024.

**Count 2:** Eighth Amendment claim against Pulliam and Freeman for deliberate indifference to Plaintiff's serious medical needs on December 11, 2024.

**Count 3:** First Amendment claim against Pulliam for retaliating against Plaintiff because he reported the excessive force incident to investigators.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice**

as inadequately pled under the *Twombly*[1] pleading standard.

Plaintiff has sufficiently stated facts to support Counts 1, 2, and 3, and these counts survive preliminary review.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

In an attempt to recruit counsel himself, Plaintiff states that he contacted the public defender from his criminal case, who declined to represent him. This is not sufficient to demonstrate reasonable efforts to obtain counsel prior to seeking assistance from the Court. Thus, the motion is **DENIED.**  Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and addresses of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation or copies of his payment voucher for postage.

### DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Pulliam. **COUNT 2** shall proceed against Pulliam and Freeman. **COUNT 3** shall proceed against Pulliam. Because there are no surviving

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

claims against Crow, Larson, the Healthcare Unit, Johnson, Angie, and Megan, they shall be **TERMINATED** as defendants on the docket.

The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Defendants Pulliam and Freeman the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 30, 2025**

                                                   *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**

#### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.