**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

VINCENT GRIFFIN,

              **Plaintiff,**

v.

              **Case No. 24-cv-02648-SPM**

DONALD PULLIAM, and
ANDREW FREEMAN,

              **Defendants.**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Vincint Griffin, an inmate of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983 asserting violations of his constitutional rights that occurred while he was at Big Muddy River Correctional Center. (Doc. 1). Plaintiff claims that on December 11, 2024, Sergeant Donald Pulliam slammed the cell door on his left hand and arm, causing injury. Pullian and another sergeant, Sergeant Freeman, did not assist Plaintiff in receiving medical care following the incident. Later that evening, Plaintiff showed his arm, hand, and thumb to another correctional officer, who had Plaintiff taken straight away to the healthcare unit. Plaintiff was then taken to the emergency room and at a nearby hospital for treatment. After Plaintiff returned to the facility, he reported the incident with Pulliam to investigators. Pulliam then proceeded to "target" Plaintiff, calling Plaintiff names, putting his hands on Plaintiff, and threatening to spray Plaintiff with mace.

Following initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff is proceeding with the following claims:

    **Count 1:**    Eighth Amendment claim against Pulliam for the use of excessive force

Page 1 of 8

on December 11, 2024.

**Count 2:**   Eighth Amendment claim against Pulliam and Freeman for deliberate indifference to Plaintiff's serious medical needs on December 11, 2024.

**Count 3:**   First Amendment claim against Pulliam for retaliating against Plaintiff because Plaintiff reported the excessive force incident to investigators.

(Doc. 11). Now before the Court is a motion for leave to amend the complaint. (Doc. 20). Defendants filed a response in opposition. (Doc. 21). As Defendants point out, Plaintiff does not explain the differences between his proposed amended complaint and the Complaint on file, nor does he underline the new material. It is clear, however, that in the proposed amended complaint Plaintiff is attempting to replead previously dismissed claims against Warden Crow, Dr. Larson, and Nurses Johnson, Angie, and Megan. Plaintiff also adds a retaliation claim against Lieutenant McBride.

After filing the motion for leave to amend, Plaintiff filed a second motion for leave to amend. (Doc. 22). This second motion will be stricken. Plaintiff has failed to sign the proposed amended complaint, and the Federal Rule of Civil Procedure 11 requires that every "pleading, written motion, and other paper must be signed…by a party personally if the party is unrepresented." Furthermore, the Court notes that this second proposed amended complaint does not add to or modify Plaintiff's current allegations and claims in any meaningful way, so the purpose of the amendment is unclear, and therefore unnecessary.

### MOTION FOR LEAVE TO AMEND

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir.

Page 2 of 8

1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996). Plaintiff's motion is timely filed and will not prejudice Defendants, as merits discovery has not commenced. Thus, despite Defendants' objections, the Court **GRANTS** the motion for leave to amend. (Doc. 20). The Clerk will be directed to refile Doc. 20 separately on the docket as the "First Amended Complaint." The First Amended Complaint is still subject to review pursuant to 28 U.S.C. §1915A.[1]

In the First Amended Complaint, Plaintiff provides substantially similar facts to the original Complaint to support the existing claims – an Eighth Amendment claim against Pulliam for excessive force (Count 1), an Eighth Amendment deliberate indifference claim against Pulliam and Freeman (Count 2), and a First Amendment retaliation claim against Pulliam. (*See* Doc. 11). Plaintiff also successfully pleads a new Eighth Amendment claim against Nurse Johnson for failing to provide adequate medical care for his thumb injury. (Doc. 20, p. 5-6). Plaintiff asserts that since filing this lawsuit, his thumb injury has not been "fixed." He was treated by Nurse Johnson during sick call appointments in his cellhouse, but she repeatedly refused to send him to the healthcare unit even though his thumb remains "out of place," and he continues to be in "a lot of pain." He states she would just wrap his hand without fixing his injury or providing pain medication. Based on these assertions, the Court can plausibly infer that Johnson has acted with deliberate indifference in treating Plaintiff's injury. Therefore, the Court will allow Plaintiff to proceed with the following Counts:

---

[1] Pursuant to Section 1915A, any portion of the proposed amended complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

**Count 1:** Eighth Amendment claim against Pulliam for the use of excessive force on December 11, 2024.

**Count 2:** Eighth Amendment claim against Pulliam and Freeman for deliberate indifference to Plaintiff's serious medical needs on December 11, 2024.

**Count 3:** First Amendment claim against Pulliam for retaliating against Plaintiff because Plaintiff reported the excessive force incident to investigators.

**Count 4:** Eighth Amendment claim against Johnson for deliberate indifference to Plaintiff's serious medical needs for failing to provide adequate treatment to his hand injury and associated pain.

Plaintiff's remaining allegations, however, against newly named Defendants Warden Crow, Dr. Larson, Nurse Angie, Nurse Megan, and Lieutenant McBride will be dismissed.

As to Warden Crow, Plaintiff asserts that she "is responsible for ensuring the safety and well-being of prisoners under supervision." (Doc. 20, p. 2). He states that she lacks "technical training and [does] not meet[] proper standards allowing her officers and other staff [to] do anything against rules and policy." These assertions are not sufficient to state a constitutional claim against Warden Crow. Section 1983 liability hinges on personal participation or involvement in a constitutional deprivation. *Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005). The mere fact that Crow was in a supervisory position does not establish liability, as the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See Peterson v. Wexford Health Sources, Inc.*, 986 F. 3d 746, 754 (7th Cir. 2021) ("a corporation can be liable under § 1983 for its own policies and practices, not under a theory of *respondeat superior*"); *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008). In other words, Crow is responsible for her own misdeeds but not for anyone else's. *Burks v. Raemisch,* 555 F. 3d 592, 596 (7th Cir. 2009). Accordingly, any intended constitutional claims against Crow fail.

Plaintiff has also not stated an Eighth Amendment claim against Dr. Larson. Plaintiff asserts that his hand had been previously injured in the fall of 2024 before Pulliam caused further

injury in December 2024. (Doc. 20, p. 2). At this time, he states he was experiencing ongoing pain. Plaintiff alleges that he submitted "writing requests" to Dr. Larson, and Dr. Larson "had knowledge about [his] physical injury and health needs [and] denied [his] requests." (*Id.*). These allegations are simply too vague for the Court to plausibly infer deliberate indifference on the part of Dr. Larson.

A constitutional claim for the denial of medical care arises when a prison official responds to an inmate's serious medical condition, viewed from an objective standpoint, with deliberate indifference, when viewed from a subjective standpoint. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Here, it is not clear from the facts that Plaintiff was suffering from a serious medical condition, what Plaintiff communicated to Dr. Larson in his "written requests," when and how those requests were submitted, or how many requests were sent. Plaintiff's factual allegations are too generic to support a deliberate indifference claim.

As to Nurses Angie and Megan, Plaintiff claims he arrived at the health care unit around 6:20 p.m., and he had to sit in pain while Angie and Megan attempted to contact the doctor. (Doc. 20, p. 5). Plaintiff states that he was taken to the emergency room at the nearby hospital around 8:00 p.m. (*Id.*). These allegations do not describe indifferent conduct on the part of Angie and Megan. While Plaintiff had to wait a little over an hour to be taken to the emergency room, the nurses were attempting to consult with a doctor and most likely arrange Plaintiff's transport. This type of conduct does not rise to the level of "criminal recklessness" that is required for a constitutional violation. *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005).

And finally, the Court finds that Plaintiff's retaliation claim against Lieutenant McBride is improperly joined in this case. Plaintiff asserts that on July 9, 2025, McBride placed Plaintiff in segregation because Plaintiff refused to provide McBride information about his injury. Under Federal Rule of Civil Procedure 20, Plaintiff's retaliation claim is not transactionally related to his

allegations of excessive force in December 2024 and the ongoing denial of adequate medical care for the injury sustained by the use of excessive force. Nor can Plaintiff join this unrelated retaliated claim under Rule 18, as McBride is not a party to this lawsuit. The Court, therefore, exercises its discretion and dismisses the retaliation claim against McBride. Plaintiff is free to pursue his claim in a separate lawsuit.

**MOTION TO WITHDRAW AFFIRMATIVE DEFENSE**

Defendants Pulliam and Freeman have filed a motion to withdraw the affirmative defense of failure to exhaust administrative remedies. (Doc. 27). The Motion is **GRANTED.** The affirmative defense is **DEEMED WITHDRAWN.**

Plaintiff's motions for status and requesting for the stay on merits discovery to be lifted are **GRANTED in part** and **DENIED in part**. (Doc. 25, 26, 28, 29). The stay on merits discovery will remain stayed until the newly named Defendant Nurse Johnson has been served, and all Defendants have filed answers to the First Amended Complaint. The Court will not enter a merits discovery order until it is clear that all Defendants do not intend to raise failure to exhaust as an affirmative defense.

**DISPOSITION**

For the reasons stated above, pursuant to Rule 15, the Motion for Leave to Amend the Complaint is **GRANTED**. (Doc. 20). The Clerk of Court is **DIRECTED** to refile Doc. 20 as the "First Amended Complaint" separately on the docket. Following review pursuant to Section 1915A, Plaintiff is currently proceeding with the following claims:

Count 1:    Eighth Amendment claim against Pulliam for the use of excessive force on December 11, 2024.

Count 2:    Eighth Amendment claim against Pulliam and Freeman for deliberate indifference to Plaintiff's serious medical needs on December 11, 2024.

**Count 3:**    First Amendment claim against Pulliam for retaliating against Plaintiff because Plaintiff reported the excessive force incident to investigators.

**Count 4:**    Eighth Amendment claim against Johnson for deliberate indifference to Plaintiff's serious medical needs for failing to provide adequate treatment to his hand injury and associated pain.

All claims against Crow, Larson, Angie, Megan, and McBride are **DISMISSED without prejudice,** and they shall be **TERMINATED** as Defendants. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.** The Clerk of Court is **DIRECTED** to serve process on Nurse Johnson in accordance with the Court's previous Merit Review Order. (Doc. 11).

All Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this merit review order and the original Merit Review Order of the Complaint (Doc. 11).** Defendants are **ADVISED** that the Court does not accept piecemeal answers. The deadlines for Nurse Johnson, a late appearing party, to make initial disclosures and file a motion for summary judgment on the issue of exhaustion are provided in the Initial Scheduling and Discovery Order. (Doc. 19).

The Clerk of Court shall **STRIKE** the second Motion for Leave to Amend the Complaint filed by Plaintiff at Doc. 22.

The motions for status and requesting that the stay on merits discovery be lifted filed by Plaintiff are **GRANTED in part** and **DENIED in part**. (Doc. 25, 26, 28, 29).

The Motion to Withdraw filed by Defendants Freeman and Pulliam is **GRANTED**. (Doc.

---

[2] *See Bell Atlantic, Corp., v. Twombly*, 550 U.S. 544, 570 (2007).

27).

**IT IS SO ORDERED.**

**DATED:   March 26, 2026**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**