**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **VINCENT GRIFFIN,** | |
| **Plaintiff,** | |
| | **Case No. 24-cv-02648-SPM** |
| **v.** | |
| **DONALD PULLIAM,** *et al.*, | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

This case is before the Court for case management purposes. Notably, a defendant identified as "Nurse Johnson" still has not been served. In an attempt to effectuate service on Defendant Nurse Johnson, the Court sent requests for waiver of service and then issued summons to Nurse Johnson at an address believed to be Nurse Johnson's place of employment. (Doc. 33, 35, 39). Amergis Healthcare Staffing, Inc. has entered its appearance as an objector seeking to quash service. (Doc. 43, 47). Both motions are **DENIED**. As a preliminary matter, it is not clear under what authority Amergis Healthcare Staffing, Inc. has entered this case as an "objector" or otherwise intervened. More importantly, Amergis Healthcare Staffing has not established standing to bring these motions. See *Woods v. Cty. of Los Angeles,* No. 20-CV-04474-AB (MAA), 2022 WL 980649 (C.D. Cal. Mar. 10, 2022). Therefore, the Clerk of Court is **DIRECTED** to terminate Amergis Healthcare Staffing, Inc. as an objector on the docket.

The Court agrees, however, that Defendant Nurse Johnson has still not been properly served in accordance with the Federal Rules of Civil Procedure of Illinois law. The Court *sua sponte* quashes service as to Defendant Nurse Johnson. (Doc. 40). The Clerk's Office

is **DIRECTED** to send a copy of this Order to the United States Marshals Service upon entry.

Further efforts are needed to properly identify and serve Defendant Nurse Johnson. Plaintiff has informed the Court that initial discovery served on him by Defendants contain medical documents that record a nurse named "Britanny Johnson" treating Plaintiff as recently as February 2026. (Doc. 48, p. 1). Plaintiff indicates this is the individual named in the First Amended Complaint. Despite these records, Big Mudd River Correctional Center and Wexford Health Sources, Inc. have inexplicably been unable to identify a medical employee with the last name Johnson. The Court will therefore treat Nurse Johnson as an unidentified Jane Doe Defendant. To help identify this unknown medical employee, the Court **ADDS** the warden of Big Muddy River Correctional Center, Kimberly Hvarre, as a defendant in her official capacity only for the purposes of responding to discovery aimed at correctly identifying and serving Jane Doe/Nurse Johnson. The Clerk of Court is **DIRECTED** to serve Warden Hvarre in accordance with the merit review order. (Doc. 11). Plaintiff has already described Jane Doe/Nurse Johnson as "Bittany Johnson" whose name is recorded in discovery documents sent to him on December 19, 2025, by Attorney Collum. Based on this information, Warden Hvarre shall have until **July 17, 2026**, to file a Notice with the Court and provide to Plaintiff the correct identity of the Jane Doe/Nurse Johnson. By **July 17, 2026,** Warden Hvarre shall also provide the Clerk of Court with the contact information for Jane Doe/Nurse Johnson. In light of this Order, the Motion to Issue Summons filed by Plaintiff is **DENIED**. (Doc. 52).

The Court also **DENIES** the Motion for Entry of Default filed by Plaintiff. (Doc. 55). As discussed above, Johnson has not yet been properly served and so the Court does not have jurisdiction over her to enter any kind of judgment.

Plaintiff's third Motion for Recruitment of Counsel is **DENIED**. (Doc. 50). Plaintiff has again failed to demonstrate reasonable efforts to obtain counsel prior to filing his motion with the

Page 2 of 3

Court as previously instructed. (*See* Doc. 11, 18).

**IT IS SO ORDERED.**

**DATED:   June 26, 2026**

_____
**STEPHEN P. MCGLYNN**
**United States District Judge**